UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Vernon Neal Powers,

           Petitioner,

vs.                       REPORT AND RECOMMENDATION

Lynn Dingle, Warden,
MCF-Oak Park Heights,

           Respondent.       Civ. No. 05-2089 (RHK/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see, Title 28 U.S.C. §2254.

The Petitioner has appeared pro se, and the Respondent has appeared by Tibor M. Gallo, Assistant Minnesota Attorney General.

For reasons which follow, we recommend that the Petition be denied as untimely.

II.  <u>Factual and Procedural Background</u>

The Petitioner is currently confined in the Minnesota Correctional Facility at Oak Park Heights, Minnesota, where he is serving two (2) mandatory life sentences for two (2) first-degree premeditated murder convictions, and a presumptive sentence of 86 months for a first-degree assault conviction, with all of the sentences set to run consecutively. See, <u>Petition</u>, <u>Docket No. 1</u>, at 1. The crimes for which the Petitioner was convicted, and sentenced, occurred on June 30, 2000, and, after a Jury Trial, the Petitioner was found guilty of all of those crimes on June 7, 2001. See, <u>Powers v. State</u>, 688 N.W.2d 667, 671-72 (Minn. 2003)("<u>Powers I</u>"). The Petitioner filed a direct appeal from his conviction and, on January 2, 2003, the Minnesota Supreme Court affirmed the conviction. See, <u>Powers I</u>, supra. At no time did the Petitioner file a Petition for a Writ of Certiorari with the United States Supreme Court.

On December 16, 2003, the Petitioner filed a Petition for Post-Conviction Relief in the State Trial Court, pursuant to Minnesota Statutes Section 590.02. See, <u>Powers v. State</u>, 688 N.W.2d 559, 560 (Minn. 2004)<u>("Powers II")</u>. In his Post-Conviction Motion, the Petitioner argued that (1) his consecutive sentences violated his Fifth and Sixth Amendment rights under the rule of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), (2) his convictions were improperly based upon the uncorroborated testimony

of an accomplice, (3) the Trial Court committed reversible error by failing to instruct the Jury as to the elements of the underlying felony of first-degree robbery, (4) the Trial Court failed to continue the Trial in order to allow the Petitioner to obtain private counsel, (5) the Petitioner was denied effective assistance of counsel, and (6) the Petitioner was wrongfully prohibited from calling a co-defendant as a witness, because of joinder.  Id. at 561-62; Traverse Motion in Response to the Respondent's Motion to Dismiss Petition, Docket No. 14, Ex. 1-5.  His Petition was denied by the Trial Court, and the Minnesota Supreme Court affirmed the denial of Post-Conviction relief on October 14, 2004, finding that those claims were procedurally barred.[1] Powers II, supra at 561-62.  The Minnesota Supreme Court also noted that the decision in Apprendi v. New Jersey, supra, was decided prior to the resolution of the Petitioner's direct appeal.  Powers II, supra at 562.

On October 26, 2004, the Petitioner filed a second Petition for Post-Conviction relief, which argued that (1) the criminal Jury Instruction Guides were unconstitutional because they relieved the State of the burden of proving intent, (2) the Trial Court

---

[1]The Powers II opinion was amended, on November 19, 2004, in order to delete a footnote which had appeared in the originally issued opinion.  See, Traverse Motion in Response to the Respondent's Motion to Dismiss Petition, Docket No. 14.

unconstitutionally directed his Verdict by sentencing him to first-degree premeditated murder because it was impossible for the Jury to find him guilty of both first-degree premeditated murder, and second-degree unintentional murder, since they were incompatible offenses, (3) his Indictment was insufficient, and (4) he was unconstitutionally sentenced under Minnesota Statutes Section 609.05, because the Indictment did not include the particular subdivision of Section 609.05, under which he was charged.  See, Powers v. State, 695 N.W.2d 371, 374 (Minn. 2005) ("Powers III").  The Trial Court denied the Petitioner's Second Post-Conviction Petition, and the Minnesota Supreme Court subsequently affirmed the denial of the Petition on May 5, 2005.

The Petitioner's present application for Federal Habeas relief was filed on September 9, 2005.  The Petition lists four (4) grounds for relief:  (1) the "Sentencing Court erred when it sentenced Petitioner through cause prejudicial violations which also raises a Blakely vs. Washington Issue & Apprendi vs. New Jersey violation;" (2) the "Petitioner was deprived of asserting his 6th Amendment Right to Hire Counsel of choice which allowed sentencing court to sentence Petitioner in clear violation of attorney client conflicts & prosecutorial misconduct;" (3) "[d]ue to ineffective assistance of counsel Petitioner was denied of diminished capacity defense &

Sentencing Court erred when it denied Petitioner pre-sentence investigation interview;" and (4) the "Sentencing Court erred when it failed to allow Petition full presentation and evidentiary hearing on newly discovered evidence which is a result of Petitioner not being able to assert his 6th Amendment right under the compulsory process clause and call witnesses to the stand in his favor at trial." Petition, at 5-6.

The Respondent contends that the current Petition must be summarily dismissed, because it is time-barred by the one-year statute of limitations prescribed by Title 28 U.S.C. §2244(d). We agree, and recommend that the Petition be summarily dismissed, without reaching the merits of the Petitioner's claims for relief.

### III.  Discussion

A.  Standard of Review. On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the Federal Habeas Corpus statutes. One of those changes was incorporated into Title 28 U.S.C. §2244(d), which established a new, one-year statute of limitations for Habeas Corpus Petitions, which are filed by State prisoners who seek a Federal Court's review of a State Court conviction or sentence. The new provision reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

<u>Title 28 U.S.C. §2244(d)</u>.

As a consequence, a State prisoner, who seeks Federal Habeas Corpus review from his State conviction or sentence, must ordinarily file his Petition within one year after

his Judgment of conviction "became final by the conclusion of direct review." Title 28 U.S.C. §2244 (d)(1).

The statute provides, however, that this deadline can be modified if: 1) the prisoner is unable to file his Federal Habeas Corpus Petition in a timely manner because of an impediment that was imposed by the State; 2) the prisoner is relying on some newly recognized constitutional right that is retroactively applicable; or 3) the prisoner is relying on some new evidence which could not have been reasonably discovered in time to file a timely Petition. See, Title 28 U.S.C. §2244(d)(1)(B)-(D).

The statute of limitations also includes a tolling provision, which stops the running of the one-year limitations period while the prisoner is pursuing a "properly filed" application for Post-Conviction Relief in the State Court. See, Title 28 U.S.C. §2244(d)(2). Our Court of Appeals has expressly held, however, that the period between the completion of the direct review of the State Court Judgment, and the application for post-judgment relief, is counted towards the one-year limitation period. See, Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005); Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853-55 (8th Cir. 2003); Painter v. Iowa, 247 F.3d 1255, 56 (8th Cir. 2001)("A review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed, and the date that an

application for state post-conviction relief is filed, counts against the one-year period.").

      B.    <u>Legal Analysis</u>.  Under the circumstances here, the one-year statute of limitations began to run, pursuant to Section 2244(d)(1)(A), when the Petitioner's Judgment of conviction became final.  Petitioner's Judgment became final on April 2, 2003 -- which is ninety (90) days after the Minnesota Supreme Court affirmed the conviction, during which period, the Petitioner could have sought a Writ of Certiorari from the United States Supreme Court.  See, <u>Title 28 U.S.C. §2244(d)(1)(A)</u>("The limitation period shall run from * * * the date on which the judgment became final by the conclusion of direct review **or the expiration of the time for seeking such review**.")[emphasis added]; <u>Smith v. Bowersox</u>, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999)(The running of the statute of limitations for purposes of Section 2244(d)(1)(A) is triggered by the completion or denial of certiorari proceedings before the United States Supreme Court or, "if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the [90 days] allowed for filing a petition for the writ.").

    Accordingly, under Section 2244(d)(1) and (2), the AEDPA's one-year statute of limitations began to run on April 2, 2003.  Here, the Petitioner filed a Federal

- 8 -

Habeas Petition on September 9, 2005. The Petitioner's initial State Post-Conviction Petition was filed on December 16, 2003, and that Petition's denial was affirmed by the Minnesota Supreme Court on October 14, 2004. A subsequent State Post-Conviction Petition was filed on October 26, 2004, and that Petition's denial was affirmed by the Minnesota Supreme Court on May 5, 2005.

Even if we toll the running of AEDPA's time limitations, beginning with the Petitioner's initial State Post-Conviction proceeding, and concluding with the Minnesota Supreme Court's resolution of his second State Post-Conviction proceeding, we still find that the Petitioner's filing was untimely. We note that 257 days had elapsed between the date in which the Petitioner's appeal was made "final" on April 2, 2003, and his filing, on December 16, 2003, of his initial State Post-Conviction Petition. As we have previously noted, those days are properly counted towards the Petitioner's one-year filing deadline. See, Maghee v. Ault, supra at 475; Curtiss v. Mount Pleasant Correctional Facility, supra at 853-55; Painter v. Iowa, supra at 1256. In addition, we note that an additional 126 days had passed between the Minnesota Supreme Court's denial of the Petitioner's State Post-Conviction Petition on May 5, 2005, and the Petitioner's filing of his current Federal Habeas Petition on September 9, 2005. Even if we toll the running of the AEDPA timing deadline for the

entirety of the Petitioner's prior Post-Conviction proceedings, the Petitioner's filing would only be timely if it was filed by August 20, 2005, which was 107 days after the Minnesota Supreme Court affirmed the denial of Post-Conviction relief. Instead, the Petitioner waited a minimum of 384 days, from the date on which his conviction became "final," before filing his current Habeas Petition.

While the Petitioner contends that the statute of limitations should be tolled for a 90-day period, during which the Petitioner could have appealed the Minnesota Supreme Court's denial of the Post-Conviction Petition to the United States Supreme Court, we note that, under Eighth Circuit authority, no further tolling of the one-year limitation period would occur where, as here, the Petitioner did not seek a Writ of Certiorari before the United States Supreme Court as to his initial Habeas Petition. See, Snow v. Ault, 238 F.3d 1033, 1035-36 (8th Cir. 2001), cert. denied, 532 U.S. 998 (2001). Accordingly, his current Petition is untimely.

As a consequence, unless the Petitioner falls within one of the exceptions that are detailed in Section 2244(d)(1)(B), (C), or (D), his Petition should be dismissed as time-barred. Here, the Petitioner has not alluded to any State impediment to the commencement of either his State or Federal Habeas Petition, as recognized by Section 2244(d)(1)(B). Furthermore, the Petitioner has not advanced a factual

predicate that was not apparent as of the date when either the direct review, or his State Post-Conviction proceedings, had concluded. Therefore, Section 2244(d)(1)(D) is inapplicable.

The only potential avenue, which is left to the Petitioner, would require a cogent showing that there is a newly recognized Constitutional right, as determined by the United States Supreme Court, which has been made retroactively applicable to future cases on collateral review. In that regard, the Petitioner has relied upon <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). However, we conclude that the Petitioner is not excused from the one-year period of limitations under Section 2244(d)(1)(C). Under that provision, for the exception to apply, the newly recognized right, as enunciated by the United States Supreme Court, must be made retroactively applicable to cases on collateral review. See, <u>Title 28 U.S.C. §2244(d)</u>. The great weight of authority, as well as case law from within this District, convinces us that the exception of Section 2244(d)(1)(C) does not apply to the rule announced in <u>Blakely</u>. See, <u>United States v. Duran</u>, 147 Fed.Appx. 625, 626, 2005 WL 2897897 (8th Cir., November 4, 2005) <u>United States v. Stoltz</u>, 149 Fed.Appx. 567, 569 (8th Cir. 2005)("Accordingly, this court holds that Blakely does not apply retroactively to convictions or sentences on collateral review."); <u>Schardt v. Payne</u>, 414 F.3d 1025, 1035-37 (9th Cir. 2005)(finding

that Blakely did not announce a new substantive rule, or a "watershed" procedural rule); United States v. Price, 400 F.3d 844, 848-49 (10th Cir. 2005)(same), cert. denied, --- U.S. ---, 126 S.Ct. 731 (2005); United States v. Arrington, 2005 WL 1522124 at *2 (D. Minn., June 28, 2005)(same); Lloyd v. Caraway, 2005 WL 1330957 at *4-5 (D. Minn., June 1, 2005)(summarizing case law); Jackson v Dingle, 2005 WL 1270594 (D. Minn., May 25, 2005)(same); see also, Schiriro v. Summerlin, 542 U.S. 348, 351-56 (2004)(holding that the rule announced in Ring v. Arizona, supra, was not a substantive rule, and was not a watershed procedural rule);[2] Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005)(holding that the Supreme Court's decision in Booker does not apply retroactively); Verela v. United States, 400 U.S. 864, 867 (11th Cir. 2005) (same); United States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001)(finding that the Supreme Court, in Apprendi, did not announce a watershed rule). Therefore, we hold that the rule announced in Blakely does not apply retroactively on collateral review, and accordingly, we find that the Petitioner may not rely on Blakely as a

---

[2]The rules announced in Ring, and Blakely, parallel each other to such an extent that, at least within this District, the holding in Shiriro v. Summerlin, 542 U.S. 348, 352-55 (2004), has been found to be controlling on the question of whether Blakely applies retroactively. See, United States v. Arrington, 2005 WL 1522124 at *2 (D. Minn., June 28, 2005); Jackson v Dingle, 2005 WL 1270594 at *1 (D. Minn., May 25, 2005).

ground for Habeas Corpus relief. See, In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004)(Blakely does not apply retroactively on collateral review); Gutierrez v. United States, 2005 WL 1490361 at *1 (D. Minn., June 23, 2005)(same).

In sum, since the Petitioner did not file his Federal Habeas Petition within the statutory time-frame prescribed by Section 2244(d)(1) and (2), his Petition must be dismissed as untimely.[3]

NOW, THEREFORE, It is –

RECOMMENDED:

1. That the Respondent's Motion to Dismiss [Docket No. 10] be granted.

2. That the Petitioner's application for Habeas Corpus Relief under Title 28 U.S.C. §2254 [Docket No. 1] be summarily dismissed.

---

[3] The Respondent also argues that the Petitioner's application for Habeas relief should be dismissed because he has not exhausted his State Court remedies, as to the claim arising under Blakely, and that, therefore, his Petition is procedurally barred under Title 28 U.S.C. §2254, Subdivision (b)(1)(A), or is a "mixed petition." However, since we find that Petitioner's request for Habeas relief is time-barred under 28 Title U.S.C. §2244(d)(1) and (2), we do not address the exhaustion or "mixed petition" issues, or the merits of the Petitioner's claim, as the untimeliness of his Petition is both fatal and irremediable.

      3.      That the Petitioner's Motion to Supplement his written argument be granted.[4]

Dated: March 3, 2006                                                s/Raymond L. Erickson

                                                                       Raymond L. Erickson
                                                                       CHIEF U.S. MAGISTRATE JUDGE

---

[4] The Petitioner has also filed a self-styled "Traverse Letter Motion to Reamend and Expand Petitioner Consolidated Memorandum & Traverse Motion in Response to Respondents Motion to Dismiss Petitioner Writ of Habeas Corpus." See, Docket No. 15. By this document, the Petitioner appears to request an opportunity to supplement his argument contained in his prior filing. See, Docket No. 14. To the extent that the Motion requests that we consider his expanded argument, we have granted the Motion, as we have considered all of the Petitioner's filings. Accordingly, we recommend that his Motion also be granted.

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by no later than **March 20, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 20, 2006**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.