UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Vernon Neal Powers,

        Petitioner,

  vs.                          REPORT AND RECOMMENDATION

Lynn Dingle, Warden,
MCF-Oak Park Heights,

        Respondent.        Civ. No. 05-2089 (RHK/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge pursuant to a remand Order that was entered by the District Court on May 30, 2006. See, Order, Docket No. 24.

By way of background, we issued a Report and Recommendation on March 3, 2006, which recommended that the Petitioner's application for Habeas Corpus relief, under Title 28 U.S.C. §2254, be summarily dismissed, and that the Respondent's Motion to Dismiss be granted. See, Report and Recommendation, Docket No. 16, at p. 13. Our recommendation was premised upon the Petitioner's failure to file his Federal Habeas Petition within the statutory time-frame prescribed by Title 28 U.S.C.

§2244(d)(1) and (2). We also noted that the Petitioner had failed to establish that his Petition fell within one of the exceptions that are detailed in Section 2244(d)(1)(B), (C), or (D), which allow for a tolling of the applicable one-year limitations period. See, <u>Report and Recommendation</u>, at pp. 10-13. Accordingly, we recommended that the Petition be dismissed as untimely.

On March 23, 2006, in response to our Report and Recommendation, the Petitioner filed the Affidavit of Bruce Rivers. See, <u>Docket No. 24</u>, Ex. 1. In pertinent part, the Affidavit averred as follows:

> 1. My name is Bruce Rivers * * * and I was listed as counsel for the appellant in the above-entitled action.
>
> 2. I was originally retained to represent Mr. Vernon Powers on an argument to the Supreme Court and a Habeas Corpus matter on August 17, 2004.
>
> 3. I hired Attorney Steve Kinnunen to assist in the research, drafting and filing of the Habeas Corpus.
>
> 4. Mr. Kinnunen misunderstood the time frame in which the Hebeas [sic] Corpus needed to be filed.
>
> 5. At the end of August 2005, Mr. Powers no longer wanted representation.
>
> 6. It is my understanding that Mr. Powers tried to file his own Habeas Corpus approximately five days after he fired my office.

> 7. It is my understanding that Mr. Powers exceeded the deadline on the Habeas Corpus due to the incorrect information that Mr. Kinnunen gave him.

Rivers Affidavit, at ¶¶1-7.

On May 30, 2006, this matter was remanded to this Court "for the limited purpose of determining the impact of the subject Affidavit, if any, on the March 3, 2006, Report and Recommendation." Order, Docket No. 24. Accordingly, we have now considered the Rivers Affidavit in our analysis, and find that it has no material impact on our previous recommendations. Therefore, we continue to recommend that the Petitioner's Federal Habeas Petition be dismissed, as untimely.

The Petitioner argues, given the averments in the Rivers Affidavit, that he received ineffective assistance of counsel. He contends that his failure to timely file his Federal Habeas Petition was based upon misinformation that he had received from his counsel, and that, as a result, the applicable deadline that is established by Sections 2244(d)(1) and (2) should be tolled.

Under the circumstances presented in the Rivers Affidavit, we find that the Petitioner's claim of ineffective assistance of counsel -- in determining the applicable time period in which to file a Federal Habeas Petition -- does not warrant a tolling of the limitations period. Our Court of Appeals has recognized that, in the context of the

deadline established by Section 2244(d)(1), "[e]quitable tolling is only appropriate if extraordinary circumstances beyond a prisoner's control make it impossible for him to file a petition on time." Jackson v. Ault, --- F.3d ---, 2006 WL 1686671 at *3 (8th Cir., June 21, 2006), citing Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). However, the Court has also recognized that "[i]neffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard." United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005), citing Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002), cert. denied, 539 U.S. 933 (2002); see also Modrowski v. Mote, 322 F.3d 965, 966 (7th Cir. 2003), cert. denied, 540 U.S. 925 (2003); Miranda v. Castro, 292 F.3d 1063, 1066-67 (9th Cir. 2002), cert. denied, 537 U.S. 1003 (2002); Smaldone v. Senkowski, 273 F.3d 133, 138 (2nd Cir. 2001), cert. denied, 535 U.S. 1017 (2002); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Here, the Rivers Affidavit avers that the Petitioner's counsel "misunderstood the time frame" in which the Petition needed to be filed, and that this incorrect information led to the Petitioner's untimely filing. Rivers Affidavit, at ¶¶4, 7. Notably, neither the Petitioner, nor the Rivers Affidavit, asserts that the

misunderstanding was the result of any intentional misconduct on the part of counsel, which would rise to the level of an extraordinary circumstance. See generally, United States v. Martin, supra at 1094-96 (finding extraordinary circumstances existed when the petitioner's counsel repeatedly lied, and intentionally misrepresented the law as to the applicable deadline). Instead, here, it appears that the misinformation was the result of attorney negligence, inadvertence, or mistake, in failing to recognize the proper time frame in which to file the Federal Habeas Petition.

Under similar circumstances, other Courts have found that an attorney's miscalculation of the deadline under Section 2244(d) does not rise to the level of an extraordinary circumstance. See, Kreutzer v. Bowersox, supra at 463 ("We agree with those courts that have found that counsel's confusion about the applicable statute of limitations does not warrant equitable tolling"); see also, Johnson v. Hendricks, 314 F.3d 159, 163 (3rd Cir. 2002), cert. denied, 538 U.S. 1022 (2003)(listing cases where attorney errors in miscalculating filing deadlines did not warrant equitable tolling); Mickelson v. United States, 2006 WL 1523132 at *3 (N.D. Iowa, May 25, 2006)("Although counsel, on behalf of the movant, asserts that he unintentionally misled the movant regarding the amount of time he had to file a 28 U.S.C. §2255 motion and that he inadvertently miscalculated the filing deadline, such a mistake does

not present extraordinary circumstances which allow the statute of limitation to be tolled."), citing Kreutzer v. Bowersox, supra at 463.

In view of these precedents, we find that the Petitioner's filing of the Rivers Affidavit demonstrates that counsel's miscalculation of the applicable deadline was either the result of negligence, inadvertence, or a simple mistake.  As such, the Petitioners' claim of ineffective assistance of counsel does not rise to the level of an extraordinary circumstance which would excuse the untimeliness of the Petition. Accordingly, we find that the Rivers Affidavit does not impact upon our previously filed Report and Recommendation.

NOW, THEREFORE, It is –

RECOMMENDED:

1. That the Respondent's Motion to Dismiss [Docket No. 10] be granted.

  2. That the Petitioner's application for Habeas Corpus Relief under Title 28 U.S.C. §2254 [Docket No. 1] be summarily dismissed.

Dated:  July 5, 2006           *s/Raymond L. Erickson*
                    Raymond L. Erickson
                    CHIEF U.S. MAGISTRATE JUDGE

## N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by no later than **July 21, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 21, 2006**, unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.