**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

VERNON NEAL POWERS,

    Petitioner,

v.

LYNN DINGLE, Warden,

    Respondent.

Civil No. 05-2089 (RHK/RLE)

**MEMORANDUM AND ORDER**

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition challenging his 2001 state court conviction for first degree murder. The matter was assigned to Chief Magistrate Judge Raymond L. Erickson, who recommended that the petition be summarily dismissed because it was not filed within the one-year statute of limitations prescribed at 28 U.S.C. § 2244(d). (Report and Recommendation, ["R&R"], dated March 3, 2006; [Docket No. 16]; and R&R dated July 5, 2006, [Docket No. 25].) Petitioner filed objections to the Magistrate Judge's R&Rs, which prompted this Court to conduct a de novo review of Petitioner's contentions. By order dated July 25, 2006, (Docket No. 27), the Court rejected Petitioner's objections, adopted the Magistrate Judge's recommendations, and dismissed Petitioner's habeas corpus petition due to untimeliness.

Petitioner later filed a Notice of Appeal, which was accompanied by a Motion requesting a Certificate of Appealability, ("COA"). (Docket Nos. 29 and 30.) For the reasons discussed below, the Court finds that Petitioner is not entitled to a COA in this matter.

## DISCUSSION

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983).

In this case, Petitioner is seeking a COA that would allow the Eighth Circuit Court of Appeals to review and reverse this Court's determination that his habeas corpus petition is procedurally barred by the

statute of limitations set forth at 28 U.S.C. § 2244(d)(1).  In Slack v. McDaniel, supra, the Supreme Court explained how the federal district courts should handle COA requests in habeas cases that have been dismissed on procedural grounds, rather than on the merits.

> "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding.  Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal.  Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.  The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of,' Ashwander v. TVA, 297 U.S. 288, 347 ... (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues.  The Ashwander rule should inform the court's discretion in this regard."

529 U.S. at 484-85.

Here, the Court finds that Petitioner's COA request can be fully resolved by applying only the second of the two criteria identified by the Supreme Court in Slack – i.e., "whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." Id. at 485.  For the reasons that were fully explained in the Magistrate Judge's two R&Rs in this matter, it is clear that Petitioner's habeas corpus petition was not filed before the expiration of the applicable one-year statute of limitations.  It also is clear that Petitioner has not met the stringent requirements for equitable tolling of the statute of limitations.

Petitioner has not shown that "jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect," Slack, 529 U.S. at 485; nor has he offered any viable reason to think that any other court – including the Eighth Circuit Court of Appeals – could find that his

3

petition was timely filed, or should be treated as being timely filed. Petitioner has not identified, and the Court cannot find, anything otherwise novel, noteworthy or worrisome about his case that might cause it to warrant appellate review. Petitioner's motion for a COA will therefore be denied.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's "Motion For Issuance Of Certificate of Appealability," (Docket No. 30), is DENIED.

Dated:   August  14 , 2006

s/Richard H. Kyle<br>
RICHARD H. KYLE<br>
United States District Court Judge